**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**BATESVILLE DIVISION**

DENNIS CLOUGH and
RAMONA CLOUGH                                                          PLAINTIFFS

v.                              CASE NO. 1:08-CV-00053 BSM

COUNTRYWIDE HOME LOANS, INC.                                   DEFENDANT

<u>ORDER</u>

Before the court are defendant Countrywide Home Loans, Inc.'s motion to dismiss, or alternatively, motion for more definite statement (Doc. No. 4), defendant Countrywide Home Loans, Inc.'s motion to strike amended complaint, or alternatively motion to dismiss or for more definite statement (Doc. No. 10), and plaintiff Dennis and Ramona Cloughs' motion for leave to amend (Doc. No. 13).

As to defendant's motion to strike, although defendant Countrywide Home Loans, Inc. ("Countrywide") correctly states that plaintiffs were required to obtain the opposing party's written consent or leave of the court prior to filing the amended complaint, the court declines to strike it from the record. Additionally, plaintiffs Dennis and Ramona Clough (the "Cloughs") move for leave to file their amended complaint *nunc pro tunc*. The Cloughs' motion for leave (Doc. No. 13) is granted *nunc pro tunc*. Thus, defendant's initial motion to dismiss or alternatively, motion for more definite statement (Doc. No. 4) is moot.

In their amended complaint, the Cloughs state that they purchased property in Sharp County, Arkansas in 1998, and in October 2007, their home was destroyed by fire. They also state that their home was insured and that the insurance company paid the debt due under the

loan.  The Cloughs submit a letter dated April 2, 2008, requesting and demanding that Countrywide cause the lien and mortgage to be released of record with the Sharp County Clerk.  The Cloughs assert violations of the Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. §§ 4-88-101 *et seq*., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*  Specifically, the Cloughs assert that Countrywide attempted to collect charges not authorized under the agreement and insurance despite the lack of a structure to insure, that each item contained in the payoff calculation is incorrect, and that Countrywide failed to timely respond to their qualified written request.  The Cloughs also assert that Countrywide failed to release a Deed of Trust securing a 1998 loan, even though it received full satisfaction for the amount due, in violation of Ark. Code Ann. § 18-40-104.

In its motion to dismiss or for more definite statement, defendant asserts that plaintiffs' complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  When ruling on a motion to dismiss, the court must accept the allegations contained in the amended complaint as true and draw all reasonable inferences in favor of the nonmoving party.  *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005).

As to the Cloughs' ADTPA claim, Countrywide asserts that the amended complaint fails to state what items contained in the payoff calculation were inaccurate, how they were inaccurate, or what provision of the ADTPA was violated.  Additionally, Countrywide asserts that plaintiffs have no actual damages related to the payoff calculation because damages for

"severe mental and emotional distress" are not cognizable under the ADTPA and damages for lost credit and alleged inability to reconstruct are not compensable damages in a private cause of action under the ADTPA. *See Wallis v. Ford Motor Co.*, 362 Ark. 317, 328-29, 208 S.W.3d 153, 161-62 (2005) (noting that § 4-88-113(f) gives a private cause of action to any person who suffers actual damage or injury, but where the only alleged injury is the diminution in value of the product, a private cause of action is not cognizable).

Countrywide asserts that the Cloughs' claims under RESPA fail because the amended complaint does not state what items contained in the payoff calculation were inaccurate, how they were inaccurate, or what provision of RESPA was violated.  Countrywide also asserts that RESPA has no application to the fees at issue because they were not assessed prior to the settlement between buyer and seller and RESPA does not apply to the release of a mortgage or interest payments on an escrow account. *See Bloom v. Martin*, 77 F.3d 318, 321 (9th Cir. 1996) (holding that RESPA does not apply to post-settlement demand and reconveyance fees assessed after the mortgagor has purchased the home); *Adamson v. Alliance Mortgage Co.,* 861 F.2d 63, 65-66 (4th Cir. 1988) (holding Truth in Lending Act does not require the disclosure of reconveyance fees charged at the end of the loan because the loan was not conditioned upon the payment of the fees and borrowers were under no legal obligation to pay fees), *overruled on other grounds, Busby v. Crown Supply, Inc.,* 896 F.2d 833, 841 (4th Cir. 1990); *Flagg v. Yonkers Sav. and Loan Ass'n*, 307 F. Supp. 2d 565, 580 (S.D.N.Y. 2004) (holding that the payment of interest on escrow accounts remains beyond

the scope of RESPA, but questioning the continuing viability of the *Greenwald* temporal analysis in the context of escrow accounts) (citing *MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 900 (N.D. Ill. 2000) ("RESPA applies not only to the actual settlement process, however, but also to the servicing of federally regulated mortgage loans."); *Greenwald v. First Fed. Sav. & Loan Ass'n,* 446 F. Supp. 620, 625 (D. Mass. 1978), *aff'd,* 591 F.2d 417 (1st Cir. 1979) (holding that interest payments on escrow accounts are not a settlement practice under RESPA).   In addition, Countrywide asserts that the RESPA claims fail because the letter attached as Exhibit B to the original complaint is not a Qualified Written Request under 12 U.S.C. § 2605(a) with regard to the 1998 or 2005 Countrywide loans, the loans were released within the time allowed by RESPA, and Countrywide was not involved in the credit extended in the 1998 loan.

Furthermore, Countrywide asserts that the Cloughs' claim for failure to release a deed pursuant to Ark. Code Ann. § 18-40-104 fails because both the 1998 Deed of Trust and 2005 mortgage were properly released before or within 60 days fo the letter requesting release.

In their response, the Cloughs address the motion for more definite statement and motion to strike by requesting leave to amend the complaint, but completely fail to address the substance of the motion to dismiss.

In considering the motion to dismiss, although the court generally must ignore materials outside the pleadings, it may consider "some materials that are part of the public record or do not contradict the complaint," as well as materials that are "necessarily

embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). Based upon the public records submitted by the Cloughs and Countrywide, it appears that the Cloughs obtained a loan in 1998 with Temple-Inland Mortgage Corporation listed as the lender. Exhibit A, original complaint. A Release of Mortgage, which appears to have been filed July 5, 2005, states that S. Texas Mortgage Corp. D/B/A Independent Mortgage received the 1998 mortgage, and that Mortgage Electronic Registration Systems, Inc. ("MERS") "releases from the lien of said mortgage all of the properties" described. Exhibit 1, Doc. No. 10, motion to dismiss amended complaint ("motion to dismiss"). It also appears that the Cloughs refinanced the 1998 loan with a 2005 loan listing MERS as the mortgagee and Countrywide as the lender. Exhibit 2, motion to dismiss. A Release of Mortgage, which appears to have been filed on April 7, 2008, indicates that the 2005 mortgage was released. Exhibit 3, motion to dismiss.

As noted above, plaintiffs have completely failed to address any of defendants' motion to dismiss arguments. It appears that the motion is well-taken. Out of an abundance of caution, however, the court will require plaintiffs to file a statement to show cause why their complaint should not be dismissed for the reasons stated in defendant's motion to dismiss. Plaintiffs shall file their show cause statement on or before December 22, 2008. Therein, plaintiffs are directed to clarify their position with regard to each of the two loans at issue. If plaintiffs fail to respond, their complaint will be dismissed.

Accordingly, plaintiffs' motion for leave to amend (Doc. No. 13) is granted *nunc pro*

*tunc*.  Defendant Countrywide Home Loans, Inc.'s motion to dismiss, or alternatively, motion

for more definite statement (Doc. No. 4) is denied as moot.  Defendant Countrywide Home

Loans, Inc.'s motion to strike amended complaint (Doc. No. 10) is denied, and defendant

Countrywide Home Loans, Inc.'s alternative motion to dismiss or for more definite statement

(Doc. No. 10) is held in abeyance.

IT IS SO ORDERED this 17th day of December, 2008.


_____
UNITED STATES DISTRICT JUDGE